Henry Donelson, Jr., a minor, by Henry Donelson, Sr., his next friend, Appellee, v. The East St. Louis & Surburban Railway Company, Appellant.

1. INSTRUCTIONS—*when peremptory instruction should not be given.* A peremptory instruction should not be given where the evidence tends to establish all of the averments of the declaration essential to a recovery.

2. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

SCHAEFER, FARMER & KRUGER, for appellant.

DAN McGLYNN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the City Court of East St. Louis,

by appellee against appellant, to recover damages for a personal injury. Trial by jury. Verdict and judgment in favor of appellee for $8,541.75.

The declaration consists of three counts, and as disclosed by counsel for appellant in their statement of the case is in substance as follows: "In the first count appellee alleges that: On February 17, 1905, the appellant was engaged in operating street cars in and upon Missouri avenue in the city of East St. Louis, operated by electric power; that appellee became a passenger on one of the cars at Collinsville and Missouri avenue to be carried eastwardly. That said car stopped at Eighth street and appellee alighted therefrom and was in the act of going north on the crossing made by the intersection of Eighth street and Missouri avenue across another track, which ran parallel, and while in the exercise of due care for his safety, appellant by its servants propelled another street car westwardly, and so carelessly and improperly drove and managed the same at a high and dangerous rate of speed, to wit; ten miles an hour, without any notice or warning of the approach of said street car, as to run the same over the plaintiff, crushing his legs, etc.

Second count alleges that while appellee was attempting to cross the westbound track of appellant on Missouri avenue at the street crossing made by the intersection of Missouri avenue and Eighth street, and while in the exercise of due care, the appellant, by its servants, so carelessly, improperly and negligently drove and managed a car at a high and dangerous rate of speed, to wit: ten miles an hour, as to run same over the appellee, crushing his legs, etc.

Third count alleges that while appellee was attempting to cross the westbound track of appellant on Missouri avenue at the street crossing made by the intersection of Missouri avenue and Eighth street, and while in the exercise of due care, appellant, by its servants in charge of one of its cars, so carelessly, negli-

Donelson v. East St. Louis & Suburban Ry. Co.

gently and improperly drove and managed the same without giving warning of its approach to said crossing, by bell or otherwise, as to run over plaintiff, crushing his legs, etc.

No question is raised on this appeal as to any ruling of the trial court with respect to the admission or rejection of evidence, nor as to the giving or refusing of any instructions except the refusing of those directing a verdict for the defendant, nor is it claimed if appellee is entitled to recover at all that the amount of his judgment is excessive.

At the close of appellee's evidence in chief and again at the close of all the evidence in the case, appellant moved the court to exclude all the evidence and to instruct the jury to find the defendant not guilty. This motion and instruction were each time presented as to the declaration as a whole, and as to each count separately. The court denied each and all of these motions and refused to give any of these instructions. This action of the court is assigned as error, and is the only error brought forward or noticed by counsel for appellant in either their brief or argument. It raises the sole question of want of evidence to support the verdict, and counsel's only proposition is, that the judgment shall be reversed "without remanding." In as much, however, as this error embraces all the evidence, we have examined it not for the purpose alone of ascertaining whether there is in the record any evidence tending to prove all that is requisite to appellee's right to recover, but also with respect to the state and weight of the evidence.

The evidence is voluminous, the abstract of it covering 140 pages. This renders any detailed recital and discussion of it here impractical. We can only state our conclusions upon it as a whole. There is no fatal want of evidence, for there is evidence disclosed in the record, tending to prove every material allegation in each count of appellee's declaration. It is clear from an impartial inspection of the record that appellee

made a *prima facie* case. The trial court did not err in refusing to direct a verdict in favor of appellant.

The only remaining question, if we may assume that the state of this record calls for our judgment upon that question, is, whether the verdict of the jury is so manifestly against the weight of the evidence as to make it the duty of the court to set aside the verdict and grant another trial.

The record discloses that appellee's *prima facie* case was strongly contested by appellant, both as to negligence on its part and due care on the part of appellee. With respect to these two questions there was great contrariety of evidence. In such state of case the constitution of the state makes the jury the sole judges of the credibility of the witnesses and of the weight of the evidence, and their judgment as to these must stand, unless it is so manifestly against the weight of the evidence as to make it apparent to the court that the verdict was not the result of the impartial and honest judgment of the jury, but that it must have resulted from mistake, or from partiality, prejudice, passion, or some improper motive, or condition. In Calvert v. Carpenter, 96 Ill. 63, the court says: "This court will not reverse the judgment of the trial court where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict. The truth is, the rule could not be otherwise without invading the province of the jury to determine the credibility of witnesses, and to say which of them are to be believed in case of a conflict. To do this would be to dispense with the essential functions of a jury, and thus destroy its utility altogether."

We find no material error in this record. The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*